BERTHA R. KENKELE and JOHN P. KINKEL, as Surviving Trustees under the Last Will and Testament of PHILIP A. KENKELE, Deceased, Respondents, *v.* THE MANHATTAN RAILWAY COMPANY and THE METROPOLITAN ELEVATED RAILWAY COMPANY, Appellants.

*Eminent domain — easements in a street sought to be acquired after the completion of an elevated railroad — measure of damages.*

In proceedings by eminent domain, instituted by an elevated railroad company after the erection and completion of its road in a city street, the value of the easement sought to be condemned is to be determined as of the time of the trial. The measure of damages in such a case is the difference between the value of the property to which the easements are appurtenant with the easements, and its value without them.

Appeal by the defendants from a judgment rendered at a Special Term held in the county of New York, and entered in the office of the clerk of the county of New York on the 5th day of July, 1889, by which it was adjudged that the plaintiffs recover of the defendants the sum of $3,572, as and for the damages which the plaintiffs have sustained by reason of the construction and operation of the defendants' railroad from February 4, 1883, to February 4, 1889, the time of the commencement of this action, and together therewith the costs. The defendants were also enjoined from the further maintenance or operation of their elevated railroad in front of the plaintiffs' premises situated on the westerly side of South Fifth Avenue, in the city of New York, unless within sixty days from the entry of the judgment, the defendants cause the plaintiffs' easement in South Fifth Avenue, appurtenant to said premises, to be condemned and taken for railroad purposes in the manner prescribed by law, or to be acquired as hereinafter mentioned ; and by which it was further provided that no injunction should issue restraining the defendants from maintaining or operating their elevated railroad, except upon condition that the same should be wholly inoperative, unless the plaintiffs shall have tendered to the defendants, within fifty-five days from the entry of judgment, a conveyance and release of all the easements or other interests in said South Fifth Avenue

appertaining to the premises mentioned in the complaint, taken, appropriated or interfered with by the defendants, or either of them, duly executed by the proper parties, and the defendants should have failed and refused to accept the same and pay or tender to the plaintiffs, in behalf of the parties executing such release, the sum of $6,852.50, with interest from the date of the judgment.

*Henry D. Sedgwick, Jr.*, for the appellants.

*E. W. Tyler*, for the respondents.

Van Brunt, P. J. :

Most of the questions presented upon this appeal have been considered in cases which have been heretofore argued, and conclusions arrived at adverse to the claims made by the appellants.

It is claimed that the learned judge who presided at the trial adopted an erroneous measure of damages and admitted incompetent evidence upon the subject of damages. It seems to us that in the discussion of the rules applicable to the question of damages in these cases the peculiar position of the defendant is too often lost sight of.

If the defendant before or immediately after the building of its road had taken the necessary measures provided by law for the acquisition of the easements necessary for the maintenance of its structure and the operation of its road, undoubtedly, the measure of damages would have been the value of those easements at that time. But, instead of pursuing this course, they have, without authority, seized upon these easements, maintained their unlawful structure and operated their road utterly regardless of the rights of those upon whose property they were trespassing, and without showing any disposition to acquire the title to that which they had seized.

It became necessary for the owners of these easements to appeal to the courts for protection from this wanton invasion of their rights, and the courts would have been justified, under these circumstances, in compelling the absolute cessation of the operation of these roads until they had taken measures to condemn to their use the property which they had already seized upon. Instead of doing this, because of the great public inconvenience which such a course would entail, they have, in these proceedings, proceeded to determine what would be a fair compensation to be paid for these easements; upon the pay-

ments of which, and the annual damage already sustained, the operation of the road might continue.

Under these circumstances, of what time is the value of these easements to be ascertained? Clearly as of the time of the trial. The right to recover for the damage theretofore done rests upon a different basis. The permanent damage is to be determined as of the time of the trial. If proceedings under the statute were initiated now, the present value of these easements would necessarily be allowed, not what their value was when the road was constructed. The defendants could have had this latter rule of damages if they had commenced their proceedings to acquire title when they began the construction of their road. They have not done this, but have refused to pay until compelled to do so by the strong arm of the law, and hence, as they only pay now, they must pay what the property taken is worth now.

The evidence as to the value of these easements is necessarily, from the very nature of the case, somewhat conjectural, and stringent and strict rules are not to be applied where they would deprive an owner of all proof of damage, as we are dealing with the damage done by a trespasser; and while damages should be proven with reasonable certainty the rights and interests of the owner of these easements should not be sacrificed. How are we to arrive at the value of these easements taken by the defendant? To the plaintiffs they are of no value except because of the enhanced value which they give to the property they own fronting upon the streets. By themselves they are worthless, have no intrinsic value. Then what more certain evidence of their value can be given than by proof of what the property to which they are appurtenant would now be worth with the easements and what it is worth without these easements. But it is said that this rule is contrary to that laid down by the Court of Appeals. If the Court of Appeals have held that such evidence in these cases is incompetent, then we know of no way in which the plaintiff can prove the damages to which the law says he is entitled, and the amount of such damages must be left to be guessed at by the court or jury. As we have seen, the easements have no value severed from the abutting land except to the defendants. They have been severed by the defendants from the abutting land. What damage is the owner of this abutting land

entitled to receive as a condition of allowing the trespasser to enjoy the fruits of this trespass? Clearly the amount by which his property is at the time of the trial injured by the trespass. The trial is the time at which the estimate should be made and its damages fixed. We do not think that the Court of Appeals has as yet condemned the rule; until they do, justice seems to require that it should be followed.

It is claimed that the plaintiffs only had a life estate and could not recover beyond that. An examination of the will under which they hold shows that they held the fee with a power of sale. They, therefore, can convey to the defendants a title to these easements which will be binding upon the remainderman. It does not seem necessary to consider the other points raised in the case, as they have already been passed upon, as has been stated in other cases.

The judgment should be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment affirmed, with costs.