Gray, J.
 

 (dissenting).—The errors presented by this record, and upon which the appellants insist as requiring the reversal of the judgments below, consist in the admission! by the trial court of certain evidence adduced by plaintiff to show that the mainte*nance and operation by defendants of the elevated railroad were damaging to his property rights. Witnesses were called, who were qualified to speak from business experience, from familiarity with the values of real property in the city of New York, and who professed to be skilled by reason of an especial study of the general effect upon abutting properties of the elevated railroads, and the exceptions arose upon the admission of their opinions in answer to the following questions: “To what extent, in your judgment, is the value of that property damaged, if at all, by the presence of the structure and the running of the trains? ” “ What do you estimate the rental value of the property to be, the railroad not being there ? ” “ To what extent, in your judgment, if at all, is the selling and rental value of this property, * * * diminished by the presence on Third avenue of the elevated road, and the operation of the passing trains ? ” To these questions the defendants interposed objections on several grounds, the only one of which material here is that of the competency of such evidence, but the trial court, nevertheless, permitted the witnesses to answer.
 

 The question which is thus brought prominently before us for decision is, only comparatively speaking, novel; but it assumes very great importance, because not only are the principles of evidence involved, but, ás we are informed, a great number of decisions .in the courts below and many recoveries rest upon the theory that the admission of such evidence is necessary and proper in such cases. If we shall say that it is inadmissible, it must -be because it is deemed contrary to the principles underlying the law of evidence and to settled rules. The point, which is mainly made against the competency of such evidence, is that it calls for the conclusions of the witness upon a matter which the court or jury should alone determine, and, hence, invades their province.
 

 It is also suggested that to allow of such evidence is to permit speculation to supply proof. If the proposition were wholly true, it might be difficult to sustain the right of the plaintiff to submit his case to the jury upon such proof. But it seems to me that the argument against this species of proof is inapplicable to cases of this character, where evidence as to the damage suffered by the abutting land owner cannot always be furnished by exact data, or in statements of facts, and where, to an intelligent judgment upon the issue, expressions of opinions seem so necessary. Nor
 
 *467
 
 is it true that the evidence is forbidden by established rules, whether we consider that question upon its truth, or upon the principles of the law of evidence. These principles cannot be embodied in rigid and lifeless formulas which deny adaptation to new conditions in human affairs. They admit of expansion and of frequent exception, whenever it is needed, in order to demonstrate the truth. A different view of the law of evidence might be extremely subversive of justice. The law of evidence as a system is based both upon principles and upon rules which, when not prescribed in statutes, arise out of precedents in decided cases. The rule is an exposition of the principle, but it is based upon judicial experience in the investigation of controversies by means-of testimony, and is necessarily influenced by what may be the existing condition of things. It is well, though somewhat elementary, to observe that in the application of the principles of the law of evidence to the investigation of the truth, in a controversy over an alleged matter of fact, the aim is to confine the proofs only within the bounds of what is competent and satisfactory evidence; and that by competent evidence is meant such as the nature of the thing to be proved requires, and that by satisfactory evidence is meant such as shall suffice to satisfy the unprejudiced mind. 1 Greenl., § 1. If some rule of evidence is alleged to militate against the competency of the species of proof offered, I suppose that it should comply with two conditions to satisfy the mind as to its force. It should appear that it was established upon a sufficient precedent fitting the case, and that the nature of the thing to be proved did not require any exception to, or modification of, the supposed rule.
 

 In this case the matter of fact, the truth of which is the subject of judicial investigation, is whether the maintenance by the defendants of an elevated railroad structure, and the operation of its trains upon the street in front of the plaintiff’s premises, have caused any damage to him by which the value of his property rights has been impaired. The controversy is over that fact and the question of the damage. Such a condition of things in the street is a new use and affects certain rights in and over the street which are considered as appurtenant to the abutting lands. It constitutes a taking of the easements, which the property holder is legally or beneficially entitled to; and if he can establish that the acts of the defendants have caused damage to him, by depreciating the value which his estate in the abutting land would otherwise have, he is entitled to recover from them, as trespassers, damages to the extent of the injury suffered by his estate.
 

 It is very plain that the value of these easements cannot be arrived at by exact proof. Judge Van Brunt, in delivering the opinion of the general term of the supreme court, in
 
 Kenkele
 
 v.
 
 The Manhattan R.
 
 Co., 55 Hun, 398; 29 N. Y. State Rep., 95, well said: “ How are we to arrive at the value of these easements taken by the defendant? To the plaintiffs they are of no value except because of the enhanced value which they give to the property they own fronting upon the streets. By themselves they are worthless; have no intrinsic value.” Hence, he reasoned that the more cer
 
 *468
 
 tain evidence of their value was in proving what the property would be worth with the appurtenant easements and what without them. I think that reflection and a careful consideration of the real bearings of the evidence and of the circumstances of the case must induce the conviction that the evidence does not usurp the province of the court or jury, and that there are ample and cogent reasons for its admission.
 

 The admissibility of opinions as proof of the marketable condition and value of property, where it is not practicable to give more defiinite knowledge, has been long settled and has formed one of the admitted exceptions to the rule which excludes the opinions of witnesses as evidence. 1 Greenl. on Ev., § 440a ;
 
 Clark
 
 v. Baird, 9 N. Y., 183;
 
 Robertson
 
 v.
 
 Knapp,
 
 35 id., 91.
 

 The ground of the exception is not because the persons who give such opinion evidence are superior in scientific capacity, or attainments, but because they are shown to have a knowledge of such matters which jurors have not, and the value of property is actually a mere matter of opinion. If, then, expert, or skilled evidence is admissible.to prove generally the value of real property, why should it be deemed inadmissible to prove its value under different circumstances; that is to say, not only what is its value as at present circumstanced, but what would be its value if circumstanced differently and under ordinary conditions of street uses ? And why is an opinion not proper as to the extent of the damage, if any, to the value of the land, as being often the best attainable evidence? The mere objection of in'eompetency is no longer .available to exclude opinion evidence, because upon the fact in controversy, in a case where more definite knowledge is not to be had. There is the strongest reason for admitting the opinions of witnesses to prove the extent of damage sustained by reason of the defendant’s acts, in the circumstances and necessities of the case. Without the aid of the opinions of persons experienced in the subject of real estate values in a metropolitan centre like New York, it would be rarely, if ever, possible for the plaintiff to make a satisfactory or sufficient case for an intelligent judgment by courts or jurors. The values of real estate are fixed by and depend upon many considerations. The factors of value, in the particular locality, in the character of the neighborhood and in the tendencies of trade, or of residence, are indefinite and are not matters of common knowledge. A new and different use of the street may affect the growth in value of a city lot favorably or-adversely; but as to which way and to. what extent is a matter largely of opinion based upon study and experience and not of exact knowledge from definite facts. It is not a matter requiring any particular intellectual attainments to understand, but it involves an acquaintance with affairs and the possession of knowledge acquired through habits of observation and business, which must be essentially peculiar, and it would be .stretching presumption rather far to assume that the knowledge is common to all persons.
 

 In -the growth of a city and the increase of its business and wealth are causes for a steady enhancement of its real estate
 
 *469
 
 values; though its direction may be erratic and incapable of being foreseen. That the value of the plaintiffs property upon the Third avenue might be greater to-day than it was before the defendants built their railroad structure, if the street remained in its earlier condition, is a possible, if not a natural assumption. But it is a fact incapable of definite knowledge, and, plainly, as it seems to me, best ascertainable through the opinions of persons whose familiarity with the neighborhood and habits of business observation in such respects could qualify them to speak to the issue.
 

 The question before us is not like that of a trespass once committed upon property rights, where the value before the trespass and the value after its commission might sufficiently express the facts, from which jurors could deduce conclusions as to any damage. Here the continuing trespass upon and the deprivation of appurtenant property rights introduce an element, the aggravation of which is to be considered in connection with possible general benefits conferred and in relation to municipal growth under normal, or usual conditions. Whether the elevated railroad enhanced the values of the abutting property over what they would have become in its absence is a fact which is best and more intelligently determined from competent opinions.
 

 An early and leading case in the reports of the decisions of this court is
 
 Clark
 
 v. Baird, 9 N. Y., 183, which was an action on the case for fraud in misrepresenting the boundaries of property sold by defendant The premises consisted in a tavern stand, and the representation made was that they extended to a certain millrace and tree. A witness, who had examined the property with a view to purchase, was permitted, under objection, to testify that “ it was worth $1,000 if it extended to the race and trees. The strip taken off would rednce it one-fourth.” This testimony was ■objected to, upon the ground that the amount of damage cannot be ascertained by the opinion of the witness.
 

 The opinion of the court was delivered by Judge A. S. Johnson, a most learned and able jurist, and was directed to the discussion and elaboration of the question of the competency of opinions upon such a question. This is clear from an observation of the judge, who said: “ The evidence was pointed solely to the question of damages, and the objection was undoubtedly understood by the court to relate to the competency of opinion upon the question of value.” Many cases in this and other states were considered, and with such particularity as to render it quite unnecessary to repeat the labor here. The propriety of the evidence objected to was sustained upon the ground of necessity and of superior convenience. The opinion summed up a general discussion in this wise: “ Upon this ground
 
 (i.
 
 e., of necessity) as well as upon that of superior convenience and the constant reception of such testimony upon trials without objection, a tacit, but strong proof of its propriety, it must be deemed established that upon a question of value the opinion of a witness, who has seen the thing in question, and is acquainted with the value of similar things, is not incompetent to be submitted to a jury.”
 

 
 *470
 
 In Robertson v.
 
 Knapp,
 
 35 N., Y., at p. 93,
 
 Clark
 
 v.
 
 Baird,
 
 is referred to with approval, as authority for the rule that opinions are admissible “ as to the value of property in cases where the value was properly the subject of inquiry.” The point of the objection in
 
 Clark
 
 v.
 
 Baird
 
 is precisely the same in principle, if not in its facts, as the one now presented.
 

 In the early case of
 
 Rochester, etc., Railroad
 
 v.
 
 Budlong,
 
 10 How. Pr., 289, which was decided in 1854, a year later than
 
 Clark
 
 v.
 
 Baird,
 
 the opinion of a witness was held competent to show what, would be the injury to the appellant’s farm, arising from the construction of the railroad, and what would be its diminution in value from the same cause. The general term of the supreme court, at which the case was decided, was composed of Justices Selden, Welles and Johnson, and the opinion was delivered by Justice Selden. The evidence was held admissible upon the ground that unless questions involved a subject, knowledge of which is presumed to be alike common to all men, skilled opinions were proper.
 

 The authority of these cases has sufficed for the views of courts in other states, though it must he admitted that judges have not uniformly agreed. Some of these cases are cited in the respondent’s brief; but extended reference to them seems unnecessary. The proposition must commend itself upon obvious grounds of necessity and of right, as well as because it is sanctioned by authority in the courts of this state. But I may refer to some cases in the supreme court of Massachusetts where the question has been pertinently discussed. In
 
 Shattuck
 
 v.
 
 Stoneham Branch Railroad,
 
 6 Allen, 115, where lands were taken for a railroad, testimony as to the amount of damage done to the petitioner’s estate was allowed upon the theory that where the amount of damage done to property is in controversy, opinions by persons acquainted with the value of the property may be given. It was there observed that “ as value rests merely in opinion, this exception to the general rule, that witnesses must be confined to facts, and cannot give opinions, is founded in necessity and obvious propriety; ” and the opinion cites
 
 Clark
 
 v.
 
 Baird, supra.
 
 In
 
 Swan
 
 v.
 
 County of Middlesex,
 
 101 Mass., 173, where land was taken for widening a street, the admission of such opinions was justified upon like reasoning and “ rather from necessity, upon the ground that they depend upon knowledge which any one may acquire, but which the jury may not have, and that they are the most satisfactory and often the very best attainable evidence of the fact to be proved.” It was there said: “The witnesses being competent to testify to the value of the land affected, before and after the alteration of the highway, might testify to the simple question of arithmetic, which of those two values was the greater; in other words, whether the petitioner’s estate was benefited or injured.” And see
 
 Sexton
 
 v.
 
 North
 
 Bridgewater, 116 Mass., 200.
 

 The decisions in our own state, which I have mentioned, have been relied upon by several text writers. See Lawson on Expert and Opinion Evidence, 451, and Rogers on Expert Testimony, § 152; and, also, Wharton on Evidence, § 450.
 

 
 *471
 
 In Eogers’ work it is remarked: “ That there is no such inherent distinction between questions of value and questions of damages, if from the latter is excluded all idea of any legal.rule or measure of damages, as brings the one within and the other without the province of the opinion of witnesses.” And in Wharton’s work it is remarked, with respect to the facts upon which a witness bases his opinion as to the depreciation in value, that “ when, as is often the case, these facts can be best expressed by the damage they cause, then this damage and its extent may be testified to by witnesses.” The following authorities are in point, and may be referred to in connection with this discussion.
 
 Snow
 
 v.
 
 Boston & Maine R. R. Co.,
 
 65 Maine, 230, 231;
 
 Keithsburg, etc., R. R. Co.
 
 v.
 
 Henry,
 
 79 Ill., at p. 294;
 
 White Deer, etc., Co.
 
 v.
 
 Sassaman,
 
 67 Penn., 415;
 
 Snyder
 
 v.
 
 W. U. R. R. Co.,
 
 25 Wis., 66, 70;
 
 Lehmicke
 
 v.
 
 St Paul R. R. Co.,
 
 19 Minn., 464.
 

 As against the weight of authority in the cases of
 
 Clark
 
 v.
 
 Baird, supra,
 
 and
 
 Rochester, etc., Railroad
 
 v.
 
 Budlong, supra,
 
 I find no case since in this court which compels a different view.
 

 Van Deusen
 
 v.
 
 Young,
 
 29 N. Y., 9, was an action of trespass for damages caused by cutting down and taking away trees from land, and a witness was asked: “Would the farm be worth more or less with the timber cut off ?” The impropriety of this question was deemed to exist in its being irrelevant to the issue and as calling for a speculative ' opinion. Clearly this is not authority for the case at bar. Judge Mullin, who delivered an opinion in the case, in discussing the competency of opinion evidence as to value, most pertinently says: “There are cases in which it is necessary to put to the witness the very question, how much damages- the plaintiff has sustained by reason of the act or neglect of the defendant These are cases in which no data can be given which could enable a jury to arrive at the measure of damages ; because the amount of the damage is known and can be properly appreciated and measured only by persons of skill in the business or matter to which the damage in the case relates. For a full and accurate examination of the cases on the question, see
 
 Clark
 
 v.
 
 Baird,
 
 5 Seld., 183.”
 

 Marcly
 
 v.
 
 Shultz,
 
 29 N. Y., 356, was an action for damages for the overflowing of the plaintiff’s land from a mill dam, and a question discussed related to the offer to ask the plaintiff, himself a witness, what the value of the use of the house was per annum before the raising of the dam. This was deemed objectionable because the value of the rent was not important, “except argumentatively.” It was remarked, however, that “if the house had been kept for renting, and something in the nature of a market price for the use could have been proved, it might have been competent”
 

 Teerpenning
 
 v.
 
 Corn Exchange Insurance Company,
 
 43 N. Y., 279, was an action on a policy of insurance for the loss of goods by fire, and cannot be deemed to be, either in fact or in principle, controlling.
 
 Clark
 
 v.
 
 Baird
 
 is there cited with this observation, “that upon questions of value the opinions of witnesses are admissible, but with the qualification that the witnesses must
 
 *472
 
 have peculiar knowledge of the article in question and its value.”
 

 I do not think other authorities cited from the decisions of this court call for discussion, until we come to the recent cases of
 
 McGean v. Manhattan Railroad .Company,
 
 117 N. Y., 223; 27 N. Y. State Rep., 337, and of
 
 Avery
 
 v.
 
 New York Central & Hudson River R. R. Co.,
 
 121 N. Y., 31; 30 N. Y. State Rep., 471.
 

 The first of these cases might he deemed, upon a cursory consideration, decisive of a contrary view. The decision of that case, however, did not turn, nor depend upon the point as .to the competency of the evidence as to value, nor was the question altogether the same as in the present case. There was no discussion by counsel of the point, except in the brief of the appellant’s counsel, and the case of
 
 Clark
 
 v.
 
 Baird
 
 was not alluded to at all. The case was affirmed, upon other considerations-; and as our decision .did not involve any necessary determination as to the principle of evidence in question, there is no valid nor just reason why we should be limited in our present discussion by the
 
 Mc-Gean
 
 case; especially when the .point becomes important and the determination of the question essential.
 

 In the other case of
 
 Avery
 
 v.
 
 Railroad Company
 
 the plaintiff was a witness, and he was asked this question : “ Do you know what the rental value of your property, real and personal, would have been, between the 10th day of September, 1881, and the 28th day of January, 1884, if there had been a sufficient opening kept and maintained by the defendant opposite to your hotel for the convenient access of passengers and their baggage to and from the twenty-foot strip of land lying south of the hotel ?” The propriety of such a question was denied upon several grounds. It was held that the witness had not been shown to be qualified to give such an opinion, and that the question assumed the insufficiency of the opening. It was said that it was an attempt “ to prove through the witness that he was prejudiced by the existing condition of things as to the opening in the fence, and, under the guise of giving his knowledge, to elicit his opinion that the value of his business to him would have been greater if something different in the way of an opening had been maintained.” Therefore, and on the strength of authorities mentioned in the opinion, the question was condemned as usurping the province of the jury. There was no question nor discussion as to the competency of expert evidence, or as to opinions of persons possessing a knowledge of a subject which in its nature is peculiar and cannot be assumed to be common to all. The plaintiff was conducting a hotel 'and restaurant búsiness, and was a lessee of the premises. Whether his business was injured or not was the subject of definite knowledge and capable of being testified to by exact data.
 

 The present case, therefore, differs in its facts, as in its principles, from the cases relied upon, and is only appositely met by the authorities of
 
 Clark
 
 v.
 
 Baird, supra,
 
 and
 
 Rochester Railroad
 
 v.
 
 Budlong, supra.
 
 Here we have a new structure in the streets, which was a perversion of a street use and which the legislature
 
 *473
 
 could not authorize nor sanction without providing for compensation to the abutting property owners for the value of the appurtenant easements appropriated, if shown to have a value to him greater than any particular benefit conferred upon his estate by the presence of the structure. How, in the nature of things, is such a matter susceptible of exact proof by facts ? Is not the effect upon the plaintiff’s estate from the presence of the defendant’s structure and its operation of trains, and any damage sustained thereby, best shown by receiving in evidence the opinions of those persons "who, by reason of experience, observation and familiarity with the various and more or less inexact and indefinite causes which operate upon real estate values, are skilled, or expert, upon the subject? How can the value of the property, if enjoyed in a usual manner and if subjected to ordinary street uses, be ascertained except by way of such evidence ?
 

 There is no application of any new principle of evidence.
 
 Clark
 
 v.
 
 Baird
 
 is sufficient authority for the reception of opinions in evidence upon questions of value and damage. But there is, in a changed and new condition of things, a new reason for the admission of expert opinions as to the extent of damage sustained by an abutting land owner from the presence of these elevated railroads. This court has decided that their structures destroyed the ordinary uses for which a street was intended and appropriated certain easements of the abutting property owners, wherefore they should make compensation in damages for any injury which may be proved to have been suffered. Is not that injury, under the extraordinary circumstances of the case, more intelligently proved through the opinions of persons shown to be competent to express such opinions?
 

 The witness’ evidence does not conclude the court or jury; and it is still left to them to decide, with the aid of such skilled opinions, as to the measure and amount of damages which should be awarded by way of, compensation. And if the witness is asked for his opinion as to the extent to which the plaintiff’s estate has been damaged, it seems an over refinement of argument to deny the propriety of allowing him to state the result of a mere subtraction of the values assigned to the premises with and without the structure. The judgment of the court, or of jurors, is not limited to the opinions given; but is formed from the consi deraation they may give to the evidence, and is simply aided by the information they may have derived from the skilled opinions in the case.
 

 Upon the grounds of superior convenience, of necessity and of an obvious propriety, and if we would have intelligent and just decisions of such issues, I think the evidence objected to is admissible in such cases; and, therefore, that the judgment below should not be reversed for the errors alleged.
 

 Judgment reversed and new trial granted, costs to abide the event.
 

 Andrews, Earl, Finch and O’Brien, JJ., concur; Gray, J., reads for affirmance and Ruger, Ch., J., concurs.