JOHN BECKER, Respondent, *v.* THE METROPOLITAN ELEVATED· RAILWAY COMPANY et al., Appellants.

While to entitle an abutting owner to recover damages for injuries to his· real estate, arising from the building and maintenance of an elevated railroad in a street, he must prove that his property has either decreased in value by reason of the road, or that its value has not increased as it· would have done if the road had not been built, and while the mere fact· that the appreciation of the land in the street through which the road· runs has not been as great in proportion as in the side streets, is not sufficient to show damage, as the increase in both may have been caused· by the road; evidence of such fact is admissible in behalf of plaintiff, and may be considered in connection with the other evidence upon the question, whether the land of the owner has increased to the same extent. that it would have done but for the presence of the road.

*Bohm* v. *M. E. R. R. Co.* (129 N. Y. 576), distinguished.

(Argued March 7, 1892; decided March 22, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made the first Monday of April, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court after trial at an equity term.

This was an action to recover damages for injuries to property abutting on a street in the city of New York, alleged to have been caused by the building and maintenance of an elevated railroad through the same by defendant.

The court found that plaintiff had sustained damages in the past, and that the value of his fee had been decreased by defendants' road.

The facts, so far as material, are stated in the opinion.

*Julien T. Davies* for appellants. The burden was upon the plaintiff to prove damage resulting from the defendants' acts, and he so failed to discharge that burden that he would not, if the action had been tried before a jury, have been entitled to go to the jury on the question of damage. (*Gray* v. *M. R. Co.*, 40 N. Y. S. R. 478; *Bohm* v. *M. E. R. Co.*,

42 id. 247.) When the court found that defendants' railway had increased the traffic upon Second avenue, and benefited the trade thereon, it found that plaintiff had received an advantage from the railway, and in the absence of any testimony which shows that the rent of any portion of his property decreased, either contemporaneously with the erection of the railway, or since that time, and in the presence of the fact that the rents of a portion of the property increased contemporaneously with the erection of the railway, and have steadily increased since, the conclusion is inevitable that the plaintiff has not sustained any damage either to the rental or the fee value of his property, and the judgment, therefore, is erroneous. (*Bohm* v. *M. E. R. Co.*, 42 N. Y. S. R. 247.)

*Charles Gibson Bennett* for respondent.

Peckham, J. There seems to be evidence in this case from which the court could draw the inference of damages which it did. It is not strong and is somewhat vague and unsatisfactory, yet we cannot say the finding as to damage is wholly unsupported by evidence, which we must do in order to reverse the judgment.

We did not hold in the *Bohm* case that evidence as to the greater proportional increase in the value of lots in the side streets or in avenues parallel with the one which had the elevated road in it, but which were themselves without such a structure, could not be used in the course of an attempt to show that property along the line of the structure had not increased in value as much as it would have done but for the presence of the elevated road. We there held it was apparent that an erroneous rule of damages had been adopted when the trial court refused to take into consideration the fact that the railroad had caused general benefits to the plaintiff's property in connection with all others on the line of the street. We then said there was no other evidence to sustain a finding of damage than the fact that property on the side streets had increased in value to a greater proportional extent than land

on the avenue in question, and we said that fact was not sufficient upon which to base such finding.

As the property in both locations might have increased to its present value by reason of the road, the fact that some property increased in value in a greater proportion than some other, we said was no proof that the latter had sustained damage. In other words, we held that an owner had no ground of complaint because the road had not increased the value of his property as much in proportion as it did that of someone else; that in order to prove damage he was compelled to show that his property had either decreased in value by reason of the road or else that its value had not increased to the same extent it would have done but for the road.

We were then deciding in regard to the correctness of the rule of damages followed by the trial court, and there was no intention in what we said to hold evidence of value in the side streets to be inadmissible or to deprive the court of a right to draw the inference from it, together with other evidence in the case, that the property of the plaintiff had been damaged by being deprived of a greater increase in value by reason of the building of such a structure.

If there be no evidence which will fairly support such an inference, in such case to find damage is to commit an error of law reviewable in this court.

We intend to fully adhere to the rule of damages as laid down in the *Bohm* case. The owner's land must have received some injury, caused by the taking of the easements and the erection and operation of the road, in order to permit a judgment in favor of the plaintiff. If the land had been depreciated in value from what it originally was before the taking, that fact is evidence of damage. If it had not increased in value to the same extent that it would have done but for the erection and operation of the road, that is a fact which shows damage. The mere fact that the appreciation of the land in the avenue has not been as great in proportion as in the side streets is not sufficient to show any damage to the land in the avenue, for the increase in value in both localities may have been produced

by the road ; and in that event, as we have said, the failure of defendant to enhance the plaintiff's land in value as much as land in the side streets does not show any damage to the plaintiff's land. What we now say is that evidence that the value of land on the avenue has not increased in the same proportion as land in the side streets is admissible, and may be considered in connection with the other evidence in the case upon the question of fact whether the land of the owner has increased in value to the same extent that it would have done but for the presence of the road. And we intend that the defendant shall have the full application of the rule that what has been termed "general" as well as special benefits to the property shall be taken into consideration in deciding the fact whether or not the owner has been injured by the road.

There was given in this case evidence as to the character and size of the structure, the manner in which it was operated, its effect upon the dwellings and stores in the way of diminution of light, of air, and facilities of access, in the presence of bad odors from the engines, the extent of the platforms of the station, the stationary amount or else a reduction of rent for dwelling purposes, and comparisons with other streets and with the values of property therein. We cannot say the inference drawn by the court was supported by no evidence whatever.

In the nature of the subject, proof of a possibly greater value attaching to the property but for the building of the road is difficult and somewhat shadowy and vague. It is but imagining what might have been but for the existence of what is, an inference as to what would have been the course of values in the street if the structure had not been erected.

It is an inference which must be drawn by the court or jury from all the facts in evidence, which may be of such a character that different and wholly opposite results might be arrived at by equally honest and intelligent minds, depending upon the force to be given to the theories naturally and plausibly arising from such facts. No one can swear to what the value of the property would have been but for the presence of the

road, for such value must rest only upon the inference to be drawn from certain other facts which may be testified to, and hence we have held that such possible or imaginary value cannot be sworn to in the form of an opinion by an expert. (*Roberts* v. *Elevated R. R. Co.*, 128 N. Y. 455.) In the case at bar it appears that although certain of the side streets were not all built upon when the road was erected and put in opera- tion, yet it does appear that the locality where this property is situated was fairly built up before the road was operated, although to some extent the adjacent side streets have been more compactly built upon since that time. There has been here no such change from absolute vacancy, within large and extensive portions of the city limits, as has occurred in the vicinity of Harlem, where it has appeared in evidence the side streets and the avenues have practically been brought into existence and peopled since the building and operation of the elevated roads. It was in regard to property in such a locality that we said in the *Bohm* case there was no proof whatever of damage to it when the true rule of damages was adopted ; and as it appeared in that case that an erroneous rule had been adopted, we reversed the judgment on that ground. In this case evidence as to the value of property situated in the adja- cent streets, between Fiftieth and Sixtieth streets, and in First and Third avenues, is proper and appropriate, and to be con- sidered in connection with other evidence in the case in order to furnish data from which to decide the point in dispute.

Although the character of the evidence in this case is very similar to that given in the *Bohm* case, yet it is applicable to a very different state of facts arising out of the great differ- ence in the neighborhood, which has already been alluded to, and hence we cannot say in this case that evidence of the same general character as in the *Bohm* case, taken with the other evidence herein, may not be sufficient to sustain a judgment finding damage, so long as it does not appear that an erroneous rule for ascertaining such damage has been adopted.

We recognize the difficulties of specifically and plainly rais- ing the question as to what rule of damage has, in truth, been

adopted by a trial court, yet we have no fear that the rule adopted by this court will not, in fact, be hereafter fully and fairly carried out by all trial courts.

Having in a decided case stated what we believe the true rule is, we cannot suppose there will be the least hesitation upon the part of the learned trial courts in adopting and being governed by it in all cases which shall hereafter be brought before them. The defendants are entitled to the benefit justly to be derived from its adoption, and that such benefit will be accorded them we cannot assume there is the slightest room for doubt.

Possible injustice may be done in particular cases to one or the other party, but this results from the inherent difficulties of the subject and the somewhat abstract nature of the inquiry as to what the value of land might, under other circumstances, have been.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.