# Cases

## DETERMINED IN THE

# FIRST DEPARTMENT

### AT

# GENERAL TERM,

## March, 1894.

---

In the Matter of the Application of THE NEW YORK ELEVATED
RAILROAD COMPANY, Relative to Acquiring Title to Certain Real
Estate. (In re CLARKSON.)

*Eminent domain — when a single appraisement of damage should be made — assess-
ment of damages — benefits, at what time existing, to be considered.*

A proceeding was commenced to acquire title for the purpose of an elevated rail-
road, to certain easements, appurtenant to a lot of land on an avenue upon
which was an apartment house, and an order was entered appointing commis-
sioners to make the appraisal. At the time of the institution of these proceed-
ings there were two tracks in front of the premises in question; thereafter,
and prior to the entry of the order appointing commissioners, an additional or
interior track or siding between the original two tracks was constructed.

By a stipulation between the parties it was agreed that the third track and track
walks should be considered in the award to be made by the commissioners; that
the award should be made for the entire structure, and that the petition and
judgment of condemnation and the order appointing commissioners be deemed
amended so as to include the additional structures.

The commissioners concluded that the damage resulting to the premises for the
taking of the easements by the tracks and structures described in the original
petition was nominal only, for which they awarded six cents, but that the
pecuniary damage resulting from the taking of the easement by the third track
and track walks was the sum of $2,500.

*Held,* that the commissioners should have made a single appraisement for the
single entire structure, and that for their failure to do so, their report and
award, together with the order confirming the same, should be reversed.

In condemnation proceedings or in the assessment of fee damage, no past benefit
is allowable except such as is then operative.

In an action brought to recover past damages to property by reason of the con-
struction and operation of an elevated railroad, any benefits, accruing to the

property during the same period for which damages are sought to be recovered, should be considered. But where condemnation proceedings are brought, not one day of past damages can be added to the condemnation damages allowed by the commissioners, or to the fee damage in a suit. The assessment of fee damage is *eo instanti* as of the date of the award; and in proceedings to condemn, the action has reference to the property as it stands, taking the damage as of that day, and the benefit as of that day from the railroad as it stands on that day.

It is error for commissioners in condemnation proceedings to fix the present injury to the property sustained by the construction and operation of an elevated railroad, and to deduct therefrom all past benefits, irrespective of whether the property at the present time enjoyed such benefits; but it does not necessarily follow that all inquiry into the history of the property is to be excluded.

CROSS-APPEALS by the petitioner, The New York Elevated Railroad Company, and by Benjamin F. Romaine and others, property owners, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of July, 1893, confirming the report of commissioners of appraisal, and also from the report, appraisal and award of such commissioners.

*Brainard Tolles*, for the petitioner, appellant.

*W. H. Peckham*, for Buek, appellant.

*Charles H. Strong*, for Romaine et al., appellants.

O'BRIEN, J.:

This proceeding was begun on the 21st day of October, 1889, under the provisions of chapter 140 of the Laws of 1850, to acquire title to the easements in Ninth avenue necessary to be taken for the purposes of petitioner's railroad appurtenant to a certain lot of land on the southeast corner of Ninth avenue and Seventy-third street, on which is a large apartment house known as the Westport. Thereafter, and on December 22, 1891, an order was entered appointing commissioners to make the appraisal. At the time these proceedings were instituted the property was owned by Charles Buek, and there were two tracks in front of the premises. Between that time and the entry of the order appointing the commissioners the

property was transferred to the Romaines, and an additional or interior track or siding between the original two tracks was constructed for use of express trains in passing the Seventy-second street station.

By stipulation between the parties it was agreed that the third track and track walks should be included in the award to be made by the commissioners, which was to be divided between Buek and the Romaines in the proportion of two-thirds to Buek and one-third to the Romaines, in accordance with an agreement made between them. The stipulation between the parties, among other things, provided as follows:

"(1) That the petition and judgment of condemnation and the order appointing commissioners be deemed amended so as to include the said additional structures hereinbefore described, and an order to that effect may be entered by any party without further notice.

"(2) That the commissioners make their award as for the entire structure as it actually exists at the date of this stipulation, including both the structure described in the original petition and the additional structure hereinbefore described."

The order appointing the commissioners as amended followed the terms of this stipulation, and, among other things, provided that the commissioners were to appraise so much of the property of the respondents "as has been or will be taken by reason of the construction, maintenance and operation of the elevated railroad of the petitioner in Ninth avenue, as the same is now constructed, maintained and operated, and as described in the amended petition herein, and by the additional track and structures described in said amended petition."

The commissioners, overlooking the language of the stipulation and the terms of the amended order, instead of appraising the damage done by the entire structure regarded as a whole or unit, entered upon an inquiry, first as to the injury to the property resulting from the construction of two tracks, and then considered the damage resulting from the third or additional track; and as a result of such a division of the subject they concluded that the damage resulting to the premises for the taking of the easements by the tracks and structures described in the original petition, which had reference to two tracks, was nominal only, for which they

awarded six cents; but they concluded that the pecuniary damage resulting from the taking of the easements by the third track and track walks was the sum of $2,500.

From such conclusion all the parties appeal; the petitioner or railroad company upon the ground that in making a separate award for the interior track the commissioners acted contrary to the stipulation of the parties and to the order of the court from which their authority was derived; and the land owners upon the ground that the commissioners erred in their application of the rule as to the benefits, general and special, which should have been allowed to the railroad in diminution of the damages actually suffered by the property.

We agree with the petitioner that, under the situation of the parties, which called for an appraisal of the damages done by an entire existing structure viewed as a unit, and under the order entered in conformity with this stipulation, the commissioners should have made a single appraisement for a single entire structure, which would be the structure as described in the amended petition, including the three tracks and track walks. We fail to see by what theory or right the commissioners were justified in departing from the requirements of the stipulation or the order; and for the error in this respect, the report and award, together with the order confirming the same, must be reversed.

We think, also, that the land owners are right in asserting that the theory upon which the commissioners proceeded was erroneous. The latter state in their opinion, after quoting from the *Bohm* and *Becker Cases* (129 N. Y. 576; 131 id. 509): "The Court (of Appeals) has shown a determined purpose to adhere to the rule that in estimating the value of the easements or property taken, the diminution in value of the abutting property to which such easements attached must be ascertained; that such diminution is to be measured by the difference between the actual market value of the property as it is, and what that value would have been if the railroad had not taken such easements; that in the solution of the problem evidence of benefits occasioned by the road in the enhancement of values is pertinent; and that if it appears that the value of the abutting property is greater by reason of the road than it would have been if the easement in question had not been taken, no con-

sequential injury has resulted to the dominant estate, and the value of such easements is, therefore, nominal."

Though with correct principles to guide them, the commissioners fell into the error of assuming that the value of the easements or property taken was to be determined by considering the injury done, as offset by all past benefits.

The inquiry in condemnation proceedings is to be directed to an ascertainment of the net result to the property as of the time of the award, and it is the injury which the property then suffers, as offset by the benefits which it then enjoys, that is to determine the award, if any, to be made. In other words, in condemnation proceedings or in the assessment of fee damage, no past benefit is allowable, except such as is at present operative. And in considering these questions it is always important to bear in mind the distinction between the elements necessary where the action is brought to recover past damages, and where, as here, proceedings are brought in condemnation. In the former, any benefits accruing to the property covering the same period for which damages are sought to be recovered should be considered. But where condemnation proceedings are brought, not one day of past damages can be added to the condemnation damages before commissioners, or to the fee damage in a suit. The assessment of fee damage is *eo instanti* as of the date of the award. In proceedings to condemn, the action has reference to the property as it stands, taking the damage of the day, and the benefit of the day, from the railroad as it stands on that day.

As said in the *Pappenheim Case* (128 N. Y. 436) : " In such case, the inquiry must be, what would be the fair market value of the whole property at the time of condemnation, without the railroad, and the difference between that sum and the present market value of the property left, with the railroad in existence, would constitute the measure of damages to which the owner would be entitled."

And as said by the presiding justice in *Kenkele* v. *Manhattan Ry. Co.* (55 Hun, 400) : " If proceedings under the statute were initiated now, the present value of these easements would necessarily be allowed, not what their value was when the road was constructed. The defendants could have had this latter rule of dam-

ages if they had commenced their proceedings to acquire title when they began the construction of their road. They have not done this, but have refused to pay until compelled to do so by the strong arm of the law, and, hence, as they only pay now, they must pay what the property taken is worth now."

The commissioners, therefore, in fixing the present injury to the property, and then deducting therefrom all past benefits, irrespective of whether the property at the present time enjoys such benefits, overlooked the correct theory upon which their determination should have proceeded.

Although the real inquiry is as to the net damage, if any, to the property at the date of the award, considering the present benefits which the property is enjoying, whether special or general, we do not desire to be understood as holding that upon such an inquiry the evidence should necessarily be restricted to the condition of the property as of the time of condemnation. It is true, as we have said, that it is a consideration of the property as of that time by which the question of the value of the easements sought to be condemned must be determined; and though past benefits, whether special or general, which at that time are not operative, are not to be taken into consideration — because it is the value of the property as it existed at the date of condemnation that is to be determined — it does not necessarily follow therefrom that all inquiry into the history of the property is to be excluded. Because, in determining the consequential damages resulting to property from a destruction of the easements taken by the road, it might, in certain cases, be difficult to tell the amount thereof without going into the history of the property. Thus, with respect to the property here involved, the road has been built, and the easements taken, and in determining the present net injury to it from the taking, against which can be offset the benefits, general and special, which it now enjoys, the line of inquiry might naturally go back over its history for the purpose of furnishing the necessary evidentiary facts, from which the result may be reached as to what the damages are, after giving the benefits, special and general, which the property received and is enjoying at the date of condemnation. In other words, a distinction should be carefully observed between the fact to be proved and evidence which may be admissible in proof of such fact.

We do not say, therefore, that past benefits may not be considered as matter of evidence, or that the commissioners are prevented from resorting to any other competent evidence which is relevant for the purpose of solving the inquiry presented to them as to the award, if any, which should be made as compensation for the easements taken. To hold that the history of the property might not be gone into would in effect be saying that resort should not be had to evidence which, in a given case, might be the only evidence that could be furnished.

As our conclusions are as equally favorable to the appeal taken by the land owners as to the one taken by the petitioner, which affects the entire report and award, and the order confirming the same, these should be reversed, and a new appraisal be had, but without costs to either party as against the other.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order reversed and new appraisal directed, without costs.