Present: SEDGWICK, Ch. J., GILDERSLEEVE and DUGRO, JJ. Judgment affirmed, with costs.

---

CHARLES S. HINE, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD CO. et al., Appellants.

(New York Superior Court — General Term, April, 1894.)

The plaintiff in an action against an elevated road, who, prior to its commencement, gave a lease of the premises for a term of years, and agreed to give the tenant a conveyance thereof six months before the expiration of the lease, the title in the meantime to remain in plaintiff, which conveyance is delivered after the action is brought, has a sufficient interest in the damages sustained by reason of the operation of the road to sustain the action.

In such an action the tenant may properly be allowed to testify that he told the plaintiff that he would not remain on account of the light, as such evidence is admissible to show prudence in fixing the amount of rent.

Where an expert witness has testified to the value of plaintiff's property and others in the neighborhood, and has stated that his opinions were predicated upon the transfer of property in the neighborhood, he may properly be asked whether he had not given an estimate as a witness in another action as to the value of other neighboring property, and whether the judgment in that action was not for a larger sum, as such question has a bearing on his quality and sufficiency as an expert.

APPEAL by defendants from judgment entered upon find- ings by a judge at Special Term.

*Brainard Tolles,* for appellants.

*William H. Arnoux,* for respondent.

SEDGWICK, Ch. J. The action is for an injunction against defendants' maintaining and operating their railroad in front of the plaintiff's premises, and also for damages to the rental value of the premises.

The appellants' counsel takes the position that the court erred in awarding an injunction in view of the fact that before the com- mencement of the action the plaintiff divested himself of all sub- stantial interest in the premises and the right of action, and became incapacitated from sustaining any consequential injury.

The divesting referred to was the making of a written instrument by the plaintiff and others named Stemme. It had a double aspect. By it the plaintiff leased the premises to the Stemmes for a term of years, and also agreed to convey to the Stemmes the fee six months before the expiration of the term of the lease. This took place before the beginning of this action. Until the Stemmes became entitled to a conveyance, they had no right as owners, and of course no right to damages for the diminution of the rental. *Bostwick* v. *Beach,* 103 N. Y. 423. There was no merger, as of the time of making the contract, of the leasehold and the fee, for the reason, if no other, that the contract made provision that the title before the time of conveyance should remain in plaintiff. The plaintiff, therefore, had an interest in the damages which would sustain the action. This interest continued at least until the convey- ance was made in May, 1890, after this action was begun. Assuming that plaintiff was not entitled to damages after he ceased to be owner, and could only validly recover such loss to him as actually occurred, the question was not mooted on the trial by any request made of the learned judge. The requests on this general subject were confined to loss before the convey- ance, and did not refer to subsequent loss. On this point the stipulation between the parties prevails. It was, in part, that the defendants shall not serve any supplemental answer, or prove

New York Superior Court, April, 1894.  [Vol. 8.

or offer to prove on any future trial of this action any transfer of interest of the plaintiff herein to the premises described in the complaint.    This keeps from the case any question as to damages after the conveyance.    For the defendants could not take the ground that there had been a conveyance or transfer.

The defendants also argue that the conveyance by the plaintiff to the Stemmes left him without any right to an injunction to protect property that he would not own at the time of judgment.    To this it is to be said that the stipulation prevents the defendants taking any advantage of the fact that the plaintiff had conveyed.    And again, to make the defense that there had been a conveyance, that defense should have been averred by supplemental answer.    *McGean* v. *M. E. R. R.*, 133 N. Y. 9.

On the trial the plaintiff's counsel offered in evidence the original judgment recovered by the plaintiff at Special Term, and subsequent order and judgment made by the Court of Appeals and the General Term.    The final result had been that the judgment at Special Term had been reversed.    The objection was that the matters were immaterial and irrelevant.    The court admitted the evidence as throwing some light on the stipulation, it having allowed the defendants to give some evidence which they would have no right to give if the stipulation were enforced.

These records are not printed in the case, but the parties consented that they may be produced and used by either party, on the argument of any appeal herein, with the same force and effect as if so printed.    They have not been produced on this argument. Their contents are unknown.    No particular part of them is relied upon by defendants' counsel as showing loss or injury to defendants.    The substance of them, excepting evidence, is shown by the cases on appeal as reported.    There should not be a reversal on this point.

A witness, Schwartz, who had been a tenant soon after the coming of the road, testified that his premises were affected by the noise of the road, and that light was cut off from them from time to time, and that he ceased to be a tenant on that account. The witness was asked if he told the plaintiff that he would not remain on account of the light.    The answer was Yes, after objec-

tion by the defendants.   This was not hearsay, for it came from the witness himself, as a witness subject to cross-examination.

The fact that the witness gave the information to the plaintiff was competent evidence.   The plaintiff was endeavoring to recover for the lessening of rents.   He was entitled to show the prudence he used in fixing the amounts of rent.

The mind of a landlord would be affected by such information as was communicated to him, according to the question and answer objected to.

A witness for the defendants, who was of the class called experts, testified as to the value of the plaintiff's property and of other pieces of property in the neighborhood.   On direct examination he testified that the opinions he had given of value were predicated upon the transfer of property in the neighborhood. He was asked if he had not given as a witness an estimate of the value of property seventy-five feet from the plaintiff's property, and when judgment awarded a larger sum ?   This question was allowed against the objection and exception of defendants.   That judgment was of the kind of transactions from which the witness made his mind up as to values.   There is no doubt that values would be affected by such incidents.   The question bore on his quality and sufficiency as an expert, and was to be considered in due manner by the judge.

The Court of Appeals has said that in actions where the attempt is to ascertain the fee value of the property taken for the purpose of shaping a condition of the injunction becoming inoperative, the proceeding is in its nature like to the proceedings for condemnation.   In the latter case the commissioners are not bound by the absolute rules of law as to the admissibility or exclusion of evidence, and the whole case is looked at to see if manifest injustice has been done. These rules should be applied to the proceeding of this kind in an action.   *In re N. Y. E. R. Co.*, 8 N. Y. Supp. 707.

It does not appear that the testimony does not sustain the findings as to damages and the value of the fee.

The judgment should be affirmed, with costs.

GILDERSLEEVE and DUGRO, JJ., concur.

Judgment affirmed, with costs.