MICHAEL ELIAS, Respondent, *v.* THE MANHATTAN RAILWAY COM-
PANY and Another, Appellants.

*Elevated railroad — damages to real estate — basis of a finding as to fee damage.*

In an action brought to recover damages to real estate, sustained by reason of the
construction and operation of an elevated railroad, the fact that property in
the immediate vicinity of plaintiff's premises had increased in value to a
greater proportionate extent than the property in question is insufficient evi-
dence upon which to base a finding of fee damage.

APPEAL by the defendants, The Manhattan Railway Company
and another, from a judgment of the Supreme Court in favor of
the plaintiff, entered in the office of the clerk of the county of New
York on the 20th day of July, 1894, upon the decision of the court
rendered after a trial at the New York Special Term enjoining and
restraining the defendants from maintaining or in any way using
the elevated railroad structure erected by them in front of plain-
tiff's premises, unless they paid to the plaintiff certain specified
amounts as and for the fee and rental damages sustained by the
real estate by reason of the erection and operation of such road.

*Alfred A. Wheat,* for the appellants.

*Edwin M. Felt,* for the respondent.

PARKER, J.:

Defendants' motion to dismiss the complaint made after the plain-
tiff had rested his case should have been granted. There was no
evidence upon which an award for either rental or fee damages
could be based. The case seems to have been tried upon the theory
that about all the plaintiff had to do was to show the presence of
the elevated railroad, and ask the court to guess the amount of
damage.

Upon the question of rental damages the plaintiff testified that he
bought the property in 1886, six years after the railroad went into
operation, for about $75,000, and paid out about $6,000 in putting
it in repair; it then rented for about $7,910 annually, and there has
been no substantial change since.

He did not show what the property had rented for before the

building of the railroad; the course of rents of other property in that immediate vicinity, but not along the line of the railroad; offered no proof of complaint of the railroad by tenants, or of inability to rent stores or apartments, or decline of rents in any of them.

Some of these facts may have existed, but not one of them was proved by plaintiff, nor any other fact upon which the court could predicate a finding of rental damage. As to question of fee damage he did produce a witness who testified that certain lots off the line of the elevated railroad and in the immediate vicinity of plaintiff's property, had increased in value to a greater proportionate extent since 1880 than the lots on Second avenue. But this, standing alone, was not sufficient. Said the court in the *Becker Case* (131 N. Y. 510): " We then said (*Bohm's* case) there was no other evidence to sustain a finding of damage than the fact that property on the side streets had increased in value to a greater proportional extent than land on the avenue in question, and we said that fact was not sufficient upon which to base such finding."

Plaintiff's case was barren of other testimony tending in that direction. It did not even contain an expression of opinion that the elevated railroad had, in any way, harmed plaintiff's property.

Nor was plaintiff's situation improved by the testimony offered on the part of defendants. It is true that Meagher testified that he purchased the property after the buildings had been built up one story, subsequently completed them, and he estimated the total cost of the property to him at $12,000 a lot. There was no evidence as to its market value when completed. And the evidence is that its present market value is about the same. Meagher also testified that he rented the property after it was completed for $6,636 a year, while, according to the plaintiff's testimony, its present rental value is about $7,938 a year.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., concurred.

Judgment reversed, new trial granted, costs to appellants to abide event.