a period earlier than the termination of payments of the annuity legacy provided for. Dunham v. Deraismes, 165 N. Y. 65, 58 N. E. 789. Not one of the cases referred to, nor perhaps any case reported in the books, where the testator did not in absolute language charge the realty, presents facts which so clearly demonstrate to a moral certainty, from the will itself and the surrounding circumstances, as the case at bar, that the testator intended to devote enough of his property to the payment of legacies to persons for whom he had a tender regard. The defendants, claiming through the wife and as the recipients of her bounty, cannot repudiate her acts done with reference to the corpus of the property at a time when she was the executrix, and the sole owner of all which the plaintiff and the brother John did not take. Nor does the fact that she made a will two days later than the codicil of her husband, and saw fit to benefit the children of the plaintiff, militate at all against the presumption afforded by the testamentary acts of her husband.

Judgment is therefore directed charging the lands of which the testator died seised with the balance due and unpaid upon the legacies to the plaintiff and John Hulseberg, and for a sale of such real estate, with costs. Counsel and the guardians may submit their views as to the costs of the other parties.

Judgment accordingly.

---

(35 Misc. Rep. 326.)

### MANHATTAN RY. CO. v. COMSTOCK et al.

(Supreme Court, Special Term, New York County. June, 1901.)

CONDEMNATION—FEE DAMAGES—ASSESSMENT.

    In proceedings to condemn land the assessment of damages to the fee must be of the date of the award, and, on a finding of damages in the report of commissioners as existing a year prior to the award, the report will be set aside.

Action by the Manhattan Railway Company against William G. Comstock, trustee under the will of Nehemiah U. Tompkins, deceased, and others, relative to acquiring title to certain real property. Motion to confirm report of commissioners as to compensation of defendants, and motion by the guardian ad litem for extra allowance. Motion to confirm report denied, and motion for extra allowance continued.

Ritch, Woodford, Bovee & Wallace (C. N. Bovee, of counsel), for the motion.

Charles A. Gardiner (William H. Godden, of counsel), opposed.

James C. Bushby, guardian ad litem for certain infant defendants.

GIEGERICH, J. This matter was sent back to the commissioners by an order of this court which invested them "with the same jurisdiction, powers, and duties as they possessed upon their original appointment," and which further "authorized and directed [them] to meet * * * on the 26th day of April, 1901, at 2 o'clock in the afternoon of that day, and proceed herein according to law." At such meeting an attempt was made on the part of the railroad com-

pany to reopen the hearing of evidence, and to recall certain witnesses to explain and correct portions of their testimony, and also to show that very important changes had been made since the last' previous hearing of the commission, consisting in the demolition of the old structure standing upon one of the lots' in question, and the erection instead of a modern and costly building. This motion was denied by a divided vote of the commissioners; the chairman alone favoring the application, and refusing to sign the present report, upon various grounds, which he has specified in a memorandum annexed thereto. The report purports to ascertain the damages as of June 26, 1900, the date of the first report referred to above, although the present report is dated and was in fact signed on the 20th day of May, 1901. On behalf of the railroad company various objections are made to the confirmation now moved for, but only one of these need be considered, namely, that the report does not find the damages existing at the time the award was made, but as existing at a date nearly a year previous; this objection being well taken, in my view. The rule applicable in such cases is stated in Re New York El. R. Co., 76 Hun, 384, 388, 28 N. Y. Supp. 110, 112, as follows:

"The inquiry in condemnation proceedings is to be directed to an ascertainment of the net result to the property as of the time of the award. * * * The assessment of fee damage is eo instanti as of the date of the award."

If the rule be as just stated, it follows that the commissioners had no power to make a report nunc pro tunc, as was attempted in this case, and the report, therefore, cannot be confirmed. It results that the motion to confirm the report of the commissioners must be denied; that the report be set aside for the irregularity noted, and a rehearing be had before the same commissioners. The motion for an extra allowance made by the guardian ad litem may be renewed when the report is presented for confirmation hereafter. Order to be settled on two days' notice.

Ordered accordingly.